## LEHMAN *v.* KNOTT.

(187 Pac. 1109.)

**Appeal and Error—Associate Attorney Holding Himself Out as Attorney After Trial may Accept Service of Notice of Appeal.**

1. A notice of appeal served on and accepted by an associate attorney hired for trial of cause, holding himself out as attorney after the trial, is sufficient notice, under Section 550, L. O. L., as amended by Chapter 319, Laws of 1913, though no substitution of attorneys was had, under Sections 1086 and 1087, since Sections 1074 and 1075, limiting authority of associate attorney for trial of cause to the trial, was enacted in 1862, at a time when complete record of the trial was not had.

**Attorney and Client—Relationship is That of Principal and Agent.**

2. The relationship of attorney and client is that of principal and agent.

From Clackamas: JAMES U. CAMPBELL, Judge.

In Banc.

This is an action by Lina Lehman against George C. Knott. There was a judgment for plaintiff, and defendant appeals. Plaintiff files motion to dismiss the appeal.    MOTION OVERRULED.

*Messrs. Latourette & Latourette* and *Mr. George C. Brownell,* for the motion.

*Messrs. Senn, Ekwall & Recken* and *Mr. Grant B. Dimick, contra.*

JOHNS, J.—1. Plaintiff obtained a judgment in the court below from which the defendant undertakes to appeal. The proof of service is as follows:

"State of Oregon,
County of Clackamas,—ss.
"Due and legal service of the within notice of appeal is hereby accepted in Clackamas County, Oregon, this 29th day of November, 1919.
"(Signed)     GEO. C. BROWNELL,
"One of the Attorneys for Plaintiff."

There is like service of the undertaking. Plaintiff moves to dismiss the appeal:

"For the reason that this court has not obtained jurisdiction herein in that no service of the Notice of Appeal or Undertaking on Appeal has been made upon plaintiff above named or her attorneys of record, as required by law."

The motion is based upon the record and the affidavit of plaintiff from which it appears:

"That at the time the complaint was filed in the above-entitled action I employed the firm of C. D. & D. C. Latourette as my attorneys to prosecute the above-entitled case; that on the morning of the trial thereof I employed Geo. C. Brownell, a practicing attorney in Oregon City, Oregon, to sit in the case and make an argument to the jury; that at the termination of his argument his employment ceased; that I did not authorize said Geo. C. Brownell to accept service of the notice of appeal in the above-entitled case, and that his authority was limited to the argument before the jury; that said C. D. & D. C. Latourette are still my attorneys in said case and that there has been no substitution or change of attorneys whatsoever."

100 Or.—16

Opposing the motion the following affidavit was filed by Grant B. Dimick, one of the attorneys for defendant:

"That at the opening of the trial of said cause, plaintiff's counsel arose and informed the trial court that Hon. Geo. C. Brownell would be associated with counsel of record for the plaintiff, and thereafter during all of the trial of said cause, said Geo. C. Brownell was associated in the trial of said cause, by assisting in the selection of the jury and in the examination of witnesses, and also made the principal argument for the plaintiff before the jury in said cause, and thereafter held himself out to the defendant as an attorney of record for the plaintiff."

Together with an affidavit by Mr. Senn, another attorney for the defendant, as follows:

"That when the said case was called for trial, Mr. Latourette, one of plaintiff's attorneys, arose and informed the trial court that the Honorable G. C. Brownell would be associated with Mr. Latourette as attorneys for the plaintiff, and thereafter, and during the trial, said G. C. Brownell assisted in the prosecution of said case by the plaintiff, and assisted in the selection of the jury, examination of the witnesses, and made the principal argument for the plaintiff before the jury, and has always held himself out since said time as one of the attorneys for the plaintiff, and has never given any notice or intimation that he had been discharged or released from his duty as attorney for plaintiff. That the transcript of evidence in this case as made by the reporter, R. B. Runyon, and who was the official reporter at the time said cause was tried shows the following:

"BE IT REMEMBERED That this cause came on regularly for hearing this 14th day of October, A. D. 1919, at Oregon City, Clackamas County, Oregon, before Honorable J. U. Campbell, Judge, sitting with a jury (a jury having been duly empaneled and sworn to try the case).

" 'Appearances: For the plaintiff appeared Messrs. D. C. and E. C. Latourette and George C. Brownell; for the defendant appeared Messrs. Senn, Ekwall & Recken, and Grant B. Dimick; whereupon the following proceedings were had and taken herein' ''':

Also the following portion of a certified copy of the record of the trial:

"Now, at this time, the above-entitled action coming on to be heard, plaintiff appearing in person and by her attorneys, E. C. Latourette and G. C. Brownell, defendant appearing in person and by his attorneys, F. S. Senn and G. B. Dimick, and a jury being called comes now."

A counter-affidavit was filed by E. C. Latourette, one of the attorneys for respondent.

The plaintiff cites and relies upon the following provisions of Section 550, L. O. L., as amended by Chapter 319, General Laws of Oregon, 1913:

"If the appeal is not taken at the time the decision, order, judgment or decree is rendered or given, then the party desiring to appeal may cause a notice, signed by himself or attorney, to be served on such adverse party or parties as have appeared in the action or suit, or upon his or their attorney, at any place in the State, and file the original with proof of service indorsed thereon, with the clerk of the court in which the judgment, decree or order is rendered.

"Such notice shall be sufficient if it contains the title of the cause, the names of the parties and notifies the adverse party or his attorney that an appeal is taken to the Supreme or circuit court, as the case may be, from the judgment, order or decree, or some specified part thereof."

Section 1074, L. O. L.:

"An attorney is a person authorized to appear for and represent a party, in the written proceedings in any action, suit, or proceeding, in any stage thereof. An attorney, other than the one who represents the

party in the written proceedings, may also appear for and represent a party in court, or before a judicial officer, and then he is known, in the particular action, suit, or proceeding, as counsel only, and his authority is limited to the matters that transpire in the Court or before such officer at the time.''

Section 1075, L. O. L.:

''Any action, suit, or proceeding may be prosecuted or defended by a party in person or by attorney, except that the state or a corporation, either public or private, appears by attorney in all cases; and where a party appears by attorney, the written proceedings must be in the name of the attorney, who is the sole representative of his client as between him and the adverse party, except as provided in the last section.''

The appellant cites Sections 1086 and 1087, L. O. L., which reads as follows:

''Attorney, How Changed.

''The attorney in an action, suit, or proceeding, may be changed at any time before judgment or decree, or final determination, as follows:

''1. Upon his own consent, filed with the clerk or entered upon the journal; or,

''2. Upon the order of the court or judge thereof, on the application of the client or the attorney, for sufficient cause.''

''Notice of Change.

''When an attorney is changed as provided in the last section, written notice of the change and of the substitution of a new attorney, or of the appearance of the party in person, shall be given to the adverse party. Until then he is bound to recognize the former attorney.''

It appears from the plaintiff's affidavit that Mr. Brownell was employed ''to sit in the case and make an argument to the jury'' and that his employment then ceased, and that he was not authorized ''to ac-

cept service of the notice of appeal in the above-entitled case, and that his authority was limited to the argument before the jury; that said C. D. & D. C. Latourette are still my attorneys in said case and that there has been no substitution or change of attorneys whatsoever''; and that Mr. Brownell was first employed on the morning of the trial.

It appears from Mr. Dimick's affidavit that Mr. Brownell assisted ''in the selection of the jury and in the examination of witnesses, and also made the principal argument for the plaintiff before the jury in said cause, and thereafter held himself out to the defendant as an attorney of record for the plaintiff.'' His affidavit is corroborated by that of Mr. Senn, who further says that Mr. Brownell ''has always held himself out since said time as one of the attorneys for the plaintiff, and has never given any notice or intimation that he had been discharged or released from his duty as attorney for plaintiff.''

The fact remains that Mr. Brownell did accept service of the notice of appeal and undertaking as ''one of the attorneys for plaintiff.''

Section 1074 was enacted in 1864 and was intended to more or less recognize and preserve the old common-law distinction between a counselor and an attorney at law. From necessity at that time no full and complete official record was kept of the actual proceedings during the trial of a case. There were no official stenographers and exceptions were taken and the record was written in longhand. Since that time, through the official reporter, there has been a complete revolution in the making and keeping of the record of judicial proceedings and now a full and complete record is made of everything which happens at and during the trial.

2. Plaintiff admits that she employed Mr. Brownell as one of her attorneys for the purpose of the trial, but now claims that she employed him for that purpose only. But there is no claim or pretense that the defendant had any notice or knowledge of the limitations upon his employment, either in open court or otherwise, and the affidavits of Mr. Dimick and Mr. Senn are not disputed "that after the trial Mr. Brownell held himself out to the defendant as an attorney of record for the plaintiff" and he did accept service as "one of the attorneys for the plaintiff." The relationship of attorney and client is that of principal and agent.

The Circuit Court of Clackamas County is a court of record with an official reporter who made a stenographic official record of the trial of this case, and from which it appears that Mr. Brownell was attorney for the plaintiff during the trial. There is no claim or pretense that the defendant had any actual knowledge of any limitation upon Mr. Brownell's authority, and it is undisputed that after the trial Mr. Brownell held himself out to the defendant as an attorney of record for the plaintiff. Under the existing practice we are of the opinion that such acts and such facts would make and constitute him an attorney of record. When you consider that fact and the other undisputed facts, it would be very technical to hold that Mr. Brownell did not have authority to accept service of the notice of appeal.

The motion to dismiss is overruled.

MOTION OVERRULED.

BURNETT, J., dissents.