Submitted on briefs at Pendleton October 26, affirmed November 23, 1926.

# HENRY T. HILL *v.* E. O. WILSON.

## (250 Pac. 840.)

**Judgment—Judgment Entered on Stipulation That Merits had Been Settled, will Preclude Plaintiff from Maintaining Action.**

1. Judgment entered, on stipulation that merits of controversy had been adjusted and settled, will preclude plaintiff forever from maintaining action, being different from nonsuit, after which he may begin suit again on payment of costs.

**Judgment.**

2. Rule of English common law as to *retraxit* is rule in this country in absence of statute.

**Attorney and Client—Dismissal and Nonsuit.**

3. *Retraxit* must be entered by client personally or by attorney, in pursuance of special authority conferred on him for such purpose.

**Evidence.**

4. General rule is that *retraxit* after judgment shall be presumed to have been entered by plaintiff in person, unless contrary appears on record.

**Attorney and Client—There is Disputable Presumption That Attorney had Consent of Plaintiff in Signing Stipulation That Merits of Controversy had Been Settled, on Which Judgment of Dismissal was Based.**

5. There is presumption that attorney had consent of plaintiff in signing stipulation that merits of controversy had been settled, on which judgment of dismissal was based, but such presumption may be disputed in direct proceeding to set aside unauthorized act, brought promptly on discovery thereof.

**Witnesses—In Proceeding to Vacate Order Dismissing Action, Based on Stipulation of Attorneys That Merits of Case had Been Settled, Plaintiff's Attorney may Establish Truth Concerning Communications With Plaintiff.**

6. In proceeding to vacate order dismissing action, based on stipulation of attorneys that merits of case had been settled, on ground that attorney was not authorized to enter such stipulation, communications between plaintiff and attorney, if there were such, were not of privileged nature, and it was competent for attorney to establish truth concerning them.

---

1. See 9 R. C. L. 192.

3. Authority of attorney to enter *retraxit*, see notes in 76 Am. Dec. 258; 132 Am. St. Rep. 162. See, also, 2 R. C. L. 992.

Dismissal and Nonsuit — Order Dismissing Action Should be Set Aside, Where Plaintiff had not Authorized Attorney's Signing of Stipulation That Merits of Case had Been Settled.

7.   Order dismissing action, based on stipulation of attorneys that merits of case had been settled, should be set aside and action reinstated on uncontradicted showing that plaintiff had not authorized signing of stipulation.

Attorney and Client—That Certain Consideration was Given Plaintiff, for Stipulation That Merits of Case had Been Settled, may be Pleaded as Partial Satisfaction of Plaintiff's Claim, After His Denial of Attorney's Authority to Sign Such Stipulation.

8.   That certain securities were delivered to plaintiff and judgment against him satisfied of record, as consideration for stipulation that merits of present case had been settled, may be pleaded as *pro tanto* partial satisfaction of plaintiff's claim, after his denial of attorney's authority to sign such stipulation.

---

Attorney and Client, 6 **C. J.**, p. 647, n. 44, 45, p. 659, n. 40.
Dismissal and Nonsuit, 18 **C. J.**, p. 1148, n. 34, 36, 38, 40, 41, p. 1173, n. 72, 88.
*Retraxit*, 34 **Cyc.**, p. 1686, n. 82.
Witnesses, 40 **Cyc.**, p. 2374, n. 73.

From Union: J. W. KNOWLES, Judge.

In Banc.

AFFIRMED.

For appellant there was a brief over the name of *Messrs. Cochran & Eberhard.*

For respondent there was a brief over the names of *Mr. H. E. Dixon* and *Messrs. Green & Hess.*

RAND, J.—This is an appeal from an order of the Circuit Court for Union County, setting aside and vacating a former order of that court which dismissed the action. That order was based upon a written stipulation which was signed by the attorneys for both plaintiff and defendant but not personally by plaintiff.

---

7.  See 9 **R. C. L.** 211.

1. In terms the stipulation agreed to the dismissal of the action and recited that the subject matter of the action had been adjusted and settled by the parties. Immediately upon knowledge of the action which had been taken, plaintiff filed a motion for the vacation of the order, supporting the same by his own affidavit, in which he stated that the stipulation had been entered into and judgment entered thereon without his knowledge or consent, and that he had not subsequently ratified the same. The recital in the stipulation, that the merits of the controversy had been adjusted and settled by the parties, if made with the consent of the plaintiff, was virtually an acknowledgment by plaintiff, that he had no further cause of action against the defendant, and amounted to an open, voluntary renunciation by plaintiff of his claim in court, and upon entry of a judgment thereon, would preclude him for ever from maintaining his action, and would constitute a defense to another action afterwards brought upon the same cause of action. This would amount to what, under the English common law, was termed a *retraxit,* which differs from a nonsuit as stated by Blackstone, "in that one is negative and the other positive; the nonsuit is a mere default and neglect of the plaintiff, and therefore he is allowed to begin his suit again upon payment of costs; but a *retraxit* is an open, voluntary renunciation of his claim in court, and by this he forever loses his action." 3 Bl. Com. 296; see, also, *United States* v. *Parker,* 120 U. S. 89, 95 (30 L. Ed. 601, 7 Sup. Ct. Rep. 454, see, also, Rose's U. S. Notes), and *Wohlford* v. *Compton,* 79 Va. 333.

2, 3. But before a *retraxit* or a judgment in the nature of a *retraxit,* and having the effect of a judgment upon the merits can be entered, the per-

sonal consent of the plaintiff in the action, is indispensable. Such was the rule of the English common law (see 6 Comyns Dig. (5 ed.), 275, and authorities there cited), and in the absence of statute, such is the rule in this country. The rule generally prevailing in this country is stated in 6 C. J., Section 151 (d), page 647, as follows: "But the entry of a *retraxit* bars all further proceedings, and therefore it must be entered by the client personally, or by his attorney in pursuance of special authority conferred upon him for the purpose." In accordance with this rule it has been held in this state, "that an attorney, by virtue of a mere retainer, has no implied power to bind his client by a compromise of his claim." *Fleishman* v. *Meyer,* 46 Or. 267, 275 (80 Pac. 209), and that "an attorney has no authority arising from his employment in that capacity, no implied power, to compromise his client's claim, or to settle a suit and conclude the client, without the latter's consent." *Seaweard* v. *De Armond,* 101 Or. 30, 39 (198 Pac. 916).

4, 5. The stipulation in question was signed by Mr. H. E. Dixon, who is a reputable attorney of Union County, and is no longer connected with the case. While the rule is that, "a *retraxit* after judgment shall, unless the contrary appear on the record, be presumed to have been entered by plaintiff in person, *R. Conn.* v. *Lowther,* Ld. R. 597," 6 Comyns' Dig. (5 ed.), 275, yet it appears on this record, that it was not entered by plaintiff in person, but by his attorney, and in the absence of evidence to the contrary, it might fairly be presumed he did have the consent of the plaintiff in signing the stipulation. This latter presumption, however, is clearly a disputable one, which in a direct proceeding to set aside the unauthorized act, may be overcome by proof, but

such proceedings must be brought promptly upon discovery thereof, and the proof to establish the lack of authority ought to be clear.

6, 7. It appears from the affidavits filed, that the communications between plaintiff and Dixon, if there were any such, were deemed to be privileged, and for that reason no affidavit was obtained from him. Those communications, if there were such, were not of a privileged nature, and it was competent for Dixon to establish the truth concerning the same. However, there was no contradiction in the record of plaintiff's sworn statement that he had not authorized the signing of the stipulation, and with the record in that condition, it was the duty of the court to set aside its former order and reinstate the action.

8. It appears from one of the affidavits filed by defendant in opposition to plaintiff's motion, that as the consideration for entering into the stipulation by plaintiff's attorney, certain securities were delivered to plaintiff, and that a judgment against him was satisfied of record, and because of this, defendant contends that he cannot be placed *in statu quo*. If the facts are as stated by defendant, defendant can plead the same as a *pro tanto* partial satisfaction of plaintiff's claim.

For the reasons stated, the order appealed from must be affirmed, and the cause will be remanded for such further proceedings as are not inconsistent herewith.          AFFIRMED.