MARY KAY MILLER, APPELLANT, V. LYLE D. HARRIS ET AL.,
APPELLEES.
236 N. W. 2d 828

Filed December 24, 1975. No. 40090.

Philip T. Morgan, for appellant.

Marmion F. Yeagley of Knapp, State, Yeagley & Mues and John A. Wolf of Cronin, Shamberg & Wolf, for appellees.

Heard before WHITE, C. J., McCOWN, NEWTON, and CLINTON, JJ., and KUNS, Retired District Judge.

CLINTON, J.

The single issue in this case is whether a voluntary

dismissal by the plaintiff of a previous action founded upon the same facts as in the present case, i.e., the identical cause of action, is res judicata of the present cause, or whether the dismissal of the previous action comes within the purview of section 25-601, R. R. S. 1943, which permits the plaintiff to dismiss his action without prejudice "before the final submission of the case to the jury, or to the court where trial is by the court."

The question arises under the following facts. Plaintiff, in the previous action, sued to recover for personal injuries incurred in an automobile accident when an automobile in which she was a passenger, operated by the defendant Lyle D. Harris and owned by the defendant Wilford Harris, collided with an automobile driven by LaMoine C. Arends. At the close of the plaintiff's evidence Lyle D. Harris moved for a directed verdict. The court overruled the motion. Immediately thereafter the plaintiff dismissed the action as to the Harrises. Defendant Arends then moved for a directed verdict. The court sustained that motion and its action was affirmed by this court on appeal. Miller v. Arends, 191 Neb. 494, 215 N. W. 2d 891. Thereafter the plaintiff filed the present action against the Harrises. The Harrises pled res judicata on the ground that the dismissal in the previous action was with prejudice. The trial judge found the defense of res judicata good and dismissed the plaintiff's petition. She appeals, relying upon section 25-601, R. R. S. 1943, and the principle that the right of the plaintiff to dismiss a cause of action without prejudice before submission to the court is a statutory right and not a matter of judicial grace or discretion. Giesler v. City of Omaha, 175 Neb. 706, 123 N. W. 2d 650; Gebhart v. Tri-State G. & T. Assn., 181 Neb. 457, 149 N. W. 2d 41. We reverse and remand.

The defendants Harrises argue (1) that a plaintiff may not dismiss without prejudice after a motion for a directed verdict has been made and submitted, or after

such a motion has been argued and the court expressed an opinion on it, and (2) the dismissal was with prejudice because the plaintiff did not expressly reserve her right to bring a future action, and the record discloses an intention on the part of the plaintiff to dismiss with prejudice. In support of the first grounds, the defendants cite Spies v. Union P. R.R. Co., 250 F. 434; Rhode v. Duff, 208 F. 115; Bee Building Co. v. Dalton, 68 Neb. 38, 93 N. W. 930; Fronk v. Evans City Steam Laundry Co., 70 Neb. 75, 96 N. W. 1053; Harbert v. Mueller, 156 Neb. 838, 58 N. W. 2d 221. Those cases support the general proposition first asserted. However, in each of those cases the motion by the plaintiff to dismiss was made either while the court was considering the motion of the defendant for a directed verdict, or after the court had indicated its intention to grant the directed verdict. In each of those cases the directed verdict was, in fact, granted.

In the case at hand the situation is different and distinguishable because here the motion for directed verdict was overruled and the plaintiff did not move to dismiss until after that ruling was announced. At that time the matter was then no longer under submission either to the court on the legal sufficiency of the evidence or to the jury for determination of issues of fact. The plaintiff had rested her case and the defendants' case was yet to be presented. The situation was not then any different for purposes of voluntary dismissal than if the defendants had never made the motion for a directed verdict.

We find no Nebraska cases precisely on point, but believe the decision here is controlled by the rather clear import of statements made in prior opinions. In Plattsmouth Loan & Bldg. Assn. v. Sedlak, 128 Neb. 509, 259 N. W. 367, this court set forth by quotation of authority from several other jurisdictions the common law genesis of and the reasons for the statutory rule governing the right of the plaintiff to dismiss without prejudice. At

common law the rule was broader and the plaintiff could dismiss at any time before the matter was decided, even after final submission. In Plattsmouth Loan & Bldg. Assn. v. Sedlak, *supra,* the first syllabus is: "A final submission of an action, within the purview of section 20-601, Comp. St. 1929, contemplates its submission upon both law and fact." The opinion in Bee Building Co. v. Dalton, *supra,* and other cases point out that the request for a directed verdict is a final submission to the court within the meaning of section 25-601(1), R. R. S. 1943, because the court is called upon to determine as a matter of law whether there are any issues arising from the facts submitted which present a jury question. The clear concomitant of that proposition is that where the motion is overruled there is no longer a final submission because fact issues remain to be determined by the jury, and those issues have not yet been submitted to the jury. That was the situation in the case before us. The plaintiff, under the provisions of section 25-601(1), R. R. S. 1943, was entitled to dismiss her action without prejudice.

This brings us to the question of whether the record establishes that the plaintiff did intend her dismissal to be with prejudice. The record shows that after the motion of the Harrises for a directed verdict was made the court said: "I don't want any argument. The motion is overruled." Plaintiff's attorney then gratuitously indicated "that the motion of the defendant Lyle Harris should be sustained." The court said: "I have overruled the motion, . . . . You may dismiss if you desire. The motion has been overruled." Plaintiff's counsel thereafter stated: "Your Honor, at this time plaintiff does hereby dismiss its suit against Lyle Harris ard Wilford Harris." The journalization of plaintiff's dismissal is as follows: "Plaintiff's Second Amended Petition and cause of action as against the Defendant Lyle D. Harris and the Defendant Wilford Harris is dismissed pursuant to Plaintiff's dismissal."

A voluntary dismissal by the plaintiff is not of itself an adjudication on the merits and therefore does not bar a future action under the principle of res judicata. 50 C. J. S., Judgments, § 633 b, p. 61, § 635, p. 70. It may come within the principle, however, if it is for a consideration pursuant to an agreement or clearly intended to be an abandonment (called retraxit at common law) of the action. 50 C. J. S., Judgments, § 634, p. 68, § 632, p. 59. Good practice would indicate that where abandonment is not intended the dismissal ought to indicate that it is without prejudice. Duffy v. Cody, 129 Neb. 737, 262 N. W. 828. We have found, however, no authority which makes this mandatory. It is generally stated that in order for a voluntary dismissal to constitute a retraxit the facts supporting that conclusion must be affirmatively shown by the record. Eulenberg v. Torley's, Inc., 56 Cal. App. 2d 653, 133 P. 2d 15; Hill v. Wilson, 119 Ore. 636, 250 P. 840; Boettcher Oil & Gas Co. v. Westmoland, 189 Okla. 110, 113 P. 2d 824. We would add that it ought to clearly so appear. Section 25-601, R. R. S. 1943, does not require that a voluntary dismissal expressly state that it is without prejudice in order that the plaintiff's rights under the statute be preserved. It merely describes the circumstances under which a voluntary dismissal is without prejudice and, as we have previously held, makes that a matter of right and not of judicial grace. It also describes the circumstances under which the court dismisses without prejudice and then goes on to provide: "In all other cases on the trial of the action the decision must be upon the merits."

The sole possible indication that the plaintiff's attorney may have considered his client's case nonmeritorious occurred after the court had already ruled against the defendants on their motion for a directed verdict. As is pointed out in the policy discussion in Plattsmouth Loan & Bldg. Assn. v. Sedlak, *supra,* there are many considerations which may lead a plaintiff to voluntarily dis-

miss his claim, for example, inadvertent failures of proof as by unexpected unavailability of a witness, which failure might be corrected by starting over. The record here does not affirmatively and clearly establish that the plaintiff intended her dismissal to constitute a retraxit.

REVERSED AND REMANDED.