McBRIDE, *Appellant,*
*v.*
STATE ACCIDENT INSURANCE FUND,
*Respondent.*
(No. A 76-10-13890, CA 7654)

564 P2d 733

Marvin S. Nepom, Portland, argued the cause and filed the brief for appellant.

Karen H. Green, Certified Law Student, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee and Richardson, Judges.

RICHARDSON, J.

**RICHARDSON, J.**

The sole issue in this worker's compensation appeal is whether a stipulated order of settlement of a disputed claim should be set aside.

The claim arose from the death of the worker. The claim, which was denied by the State Accident Insurance Fund, sought benefits for the worker's widow and four minor children. Subsequently, the Fund and the claimant submitted a "stipulation and order" in settlement of the claim, which the Referee approved pursuant to ORS 656.289(4).

This stipulation was signed by the widow and natural guardian of two of the minor children. It was also signed by the widow's attorney and by the attorney "for Leroy C. McBride, Conservator and Guardian of Donn'll Andrew McBride and Shawn Marie McBride" the other two minor children. An assistant attorney general signed on behalf of the Fund.

Leroy McBride, as conservator and guardian, later moved to set aside the order. The motion was denied by the Board and, on a subsequent appeal, by the circuit court.

ORS 656.289(4) provides:

"Notwithstanding ORS 656.236, in any case where there is a bona fide dispute over compensability of a claim, the parties may, with the approval of a referee, the board or the court, by agreement make such disposition of the claim as is considered reasonable."

Claimant's only contention is that the statute requires the agreement to be signed by a party personally and the stipulation signed by an attorney on his behalf is invalid. We do not read this section of the Workman's Compensation Act as abrogating the general rule that an attorney may execute a stipulated settlement on behalf of a client. *See State v. Jackson,* 221 Or 315, 351 P2d 439 (1960); *Hill v. Wilson,* 119 Or 636, 250 P 840 (1926); *Lehman v. Knott,* 100 Or 240, 187 P 1109

(1921); *Mahoney v. Linder,* 14 Or App 656, 514 P2d 901 (1973).

Affirmed.