## CONCLUSION

For the foregoing reasons, we find the trial court abused its discretion in prohibiting Wulf from collaterally attacking the county court's judgment. We therefore reverse the conviction and remand the cause for a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL.

———————————

DWAYNE SARTAIN AND LISA SARTAIN, APPELLANTS AND
CROSS-APPELLEES, V. WOHLENHAUS APPRAISAL SERVICE
AND DAN SPENCE, APPELLEES, AND COUNTRYWIDE
HOME LOANS, A FOREIGN CORPORATION,
APPELLEE AND CROSS-APPELLANT.

___ N.W.2d ___

Filed July 22, 2014.    No. A-13-346.

1. **Dismissal and Nonsuit: Judgments: Appeal and Error.** Denial of a plaintiff's voluntary dismissal of claims presents a question of law, regarding which the appellate court reaches a conclusion independent of the lower court's ruling.
2. **Dismissal and Nonsuit.** An action may be dismissed without prejudice to a future action by the plaintiff, before the final submission of the case to the jury or to the court where the trial is by the court.
3. **Words and Phrases.** A final submission of a case contemplates a submission on both the law and the facts, and it exists only when nothing remains to be done to render it complete.
4. **Directed Verdict: Dismissal and Nonsuit.** After a defendant has moved for a directed verdict and both counsel have completed their argument on that motion, a case is under final submission as contemplated in Neb. Rev. Stat. § 25-601 (Reissue 2008), and the plaintiff no longer has an absolute right to dismiss without prejudice.
5. ____: ____. If a motion for directed verdict is made at the close of the plaintiff's case, the plaintiff loses the absolute right to dismiss without prejudice until such time as the court overrules the motion.
6. **Directed Verdict.** A motion for directed verdict is a request for the court to decide, as a matter of law, whether there are any questions of fact for a jury to decide.
7. **Summary Judgment.** In a motion for summary judgment, the court is requested to determine as a matter of law that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law.
8. **Dismissal and Nonsuit.** A plaintiff has an absolute right to dismiss any time before final submission of the case, and when such right exists, the court can only exercise discretion in denying dismissal when it would result in the loss of a substantial right of the defendant.

Appeal from the District Court for Douglas County: THOMAS A. OTEPKA, Judge. Affirmed.

Ryan J. Lewis and W. Gregory Lake, of Lewis, Pfanstiel & Reed, L.L.C., for appellants.

Mary M. Schott, of Sodoro, Daly, Shomaker & Selde, P.C., L.L.O., for appellee Wohlenhaus Appraisal Service.

Douglas W. Ruge II for appellee Dan Spence.

Jennifer D. Tricker, of Baird Holm, L.L.P., for appellee Countrywide Home Loans.

MOORE, PIRTLE, and RIEDMANN, Judges.

RIEDMANN, Judge.

## INTRODUCTION

Dwayne Sartain and Lisa Sartain sought to dismiss their negligence action against Wohlenhaus Appraisal Service (Wohlenhaus), Dan Spence, and Countrywide Home Loans (collectively the defendants) after the defendants filed, briefed, and argued summary judgment motions. The district court for Douglas County sustained the defendants' motions to strike the Sartains' notice of dismissal and granted the defendants' motions for summary judgment. The Sartains appeal the district court's order striking their notice of dismissal.

Countrywide Home Loans has also filed a cross-appeal, assigning as error the district court's refusal to grant its motion to dismiss the Sartains' claim on the basis that the statute of limitations had expired. Because we affirm the district court's order striking the notice of dismissal, and the Sartains have not appealed the grant of summary judgment, we need not address Countrywide Home Loans' cross-appeal.

## BACKGROUND

The Sartains filed a second amended complaint in August 2011, alleging the defendants made negligent and fraudulent misrepresentations during the course of a real estate transaction that occurred in 2006. In May 2012, Wohlenhaus

served written discovery upon the Sartains, but they failed to respond, even after motions to compel were filed. The court imposed sanctions, including a provision that if the Sartains failed to timely respond, they would be prohibited from introducing evidence against Wohlenhaus at trial.

Trial was scheduled for March 18, 2013. The Sartains failed to timely identify expert witnesses as required by the court's scheduling order and failed to fully respond to discovery requests as required by the court's order compelling discovery responses. In an attempt to cure these deficiencies, the Sartains filed a late expert witness designation and served supplemental answers to interrogatories. The defendants moved to strike these submissions and further sought sanctions against the Sartains for their failure to allow the defendants' appraisal expert access to the property. All the defendants also filed motions for summary judgment. On March 5, a hearing was held on various motions filed by the defendants that sought to exclude the Sartains' experts, to prohibit them from offering evidence that would support a claim for damages, to impose sanctions of an adverse inference instruction relating to damages, and to grant summary judgment.

On the morning of March 13, 2013, the court sent an e-mail to all parties informing them that the court was granting the motions to strike, the motions in limine, and the motion for sanctions. As a result, the Sartains were informed that they would not be able to put forth any expert witnesses at trial and that an adverse inference jury instruction would be given. In essence, the e-mail advised the Sartains that they would be prohibited from proving the existence of any damages at trial. The court further advised that it would be ruling on the motions for summary judgment in the next few days. Later that same day, the Sartains filed a notice of dismissal of their complaint without prejudice.

The defendants filed motions to strike the notice of dismissal, and a hearing was held on March 15, 2013. The court sustained the motions to strike and issued summary judgment in favor of the defendants. The Sartains timely appeal.

## ASSIGNMENT OF ERROR

The Sartains' sole assignment of error is that the trial court erred in sustaining the defendants' motions to strike the Sartains' notice of dismissal.

## STANDARD OF REVIEW

[1] Denial of a plaintiff's voluntary dismissal of claims presents a question of law, regarding which the appellate court reaches a conclusion independent of the lower court's ruling. See *Holste v. Burlington Northern RR. Co.*, 256 Neb. 713, 592 N.W.2d 894 (1999).

## ANALYSIS

[2,3] Neb. Rev. Stat. § 25-601(1) (Reissue 2008) governs voluntary dismissals without prejudice. It states in part that "[a]n action may be dismissed without prejudice to a future action (1) by the plaintiff, before the final submission of the case to the jury, or to the court where the trial is by the court." A "final submission" contemplates a submission on both the law and the facts, and it exists only when nothing remains to be done to render it complete. See *Koll v. Stanton-Pilger Drainage Dist.*, 207 Neb. 425, 299 N.W.2d 435 (1980).

The Nebraska Supreme Court, long ago, articulated the reason for the rule:

> No case has been cited where under a statute like ours a plaintiff as a matter of right can dismiss his action after it has been submitted to the court. If he could do so litigation would become interminable, because a party who was led to suppose a decision would be adverse to him could prevent such decision and begin anew, thus subjecting the defendant to annoying and continuous litigation. The statute, therefore, limits the right of a plaintiff to dismiss to the final submission of the case.

*State v. Scott*, 22 Neb. 628, 640, 36 N.W. 121, 126-27 (1888).

[4,5] Our appellate courts have not addressed whether a case in which a motion for summary judgment has been briefed and argued constitutes a final submission of the case. However, after a defendant has moved for a directed verdict

and both counsel have completed their argument on that motion, a case is under final submission as contemplated in § 25-601 and the plaintiff no longer has an absolute right to dismiss without prejudice. See *Collection Specialists v. Vesely*, 238 Neb. 181, 469 N.W.2d 549 (1991). Even if the motion for directed verdict is made at the close of the plaintiff's case, the plaintiff loses the absolute right to dismiss without prejudice until such time as the court overrules the motion. See *Miller v. Harris*, 195 Neb. 75, 236 N.W.2d 828 (1975).

[6,7] The reason for considering the submission of a motion for directed verdict as a final submission to the court within the meaning of § 25-601 is that such a motion is a request for the court to decide, as a matter of law, whether there are any questions of fact for a jury to decide. See *Miller v. Harris, supra*. Likewise, in a motion for summary judgment, the court is requested to determine as a matter of law that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. See *Harris v. O'Connor*, 287 Neb. 182, 842 N.W.2d 50 (2014).

The Sartains rely upon *Kansas Bankers Surety Co. v. Halford*, 263 Neb. 971, 644 N.W.2d 865 (2002), to support their contention that a motion for summary judgment is not a final submission for purposes of § 25-601; however, their reliance on this case is misplaced because of the different posture of the motion at the time the dismissal was filed.

[8] In *Kansas Bankers Surety Co. v. Halford, supra*, the defendant had filed a motion for summary judgment, but the plaintiff had not yet filed his brief; instead, he filed a motion to dismiss *with* prejudice. Section 25-601 applies to motions to dismiss *without* prejudice; therefore, this statute arguably did not govern the dismissal in *Halford*. Furthermore, there had been no final submission of the case because the summary judgment motion had not yet been fully briefed and argued. The court noted it had previously held that a plaintiff has an absolute right to dismiss any time before final submission of the case and that when such right exists, the court can only exercise discretion in denying dismissal when it would result in the loss of a substantial right of the defendant. See *Blue River Power Co. v. Hronik*, 116 Neb. 405, 217 N.W. 604

(1928) (stating that under identical statutory language, plaintiff may dismiss his action as matter of right before final submission if it does not prejudice defendant). The *Halford* court ultimately concluded that the plaintiff had a right to dismiss its case because it would not result in the loss of a substantial right of the defendant because he had not filed a setoff or counterclaim.

Based upon the facts of this case, the Sartains no longer had an absolute right to dismiss without prejudice because there had been a final submission to the court. Therefore, we find the trial court did not err in striking the notice of dismissal. The Sartains have not appealed the granting of the defendants' motions for summary judgment, and therefore that issue is not before us.

## CONCLUSION

Once the motion for summary judgment was taken under advisement, there was a final submission of the case and the Sartains no longer had an absolute right to dismiss their complaint without prejudice. The trial court did not err, therefore, in striking their notice to dismiss.

AFFIRMED.