HARRISON FRAZER, APPELLEE, v. JOHN E. MYERS, APPELLANT.

FILED JANUARY 30, 1914.    No. 17,364.

1. Pleading: AIDER BY ANSWER. "A defective or ambiguous petition may be aided and its infirmities cured by the averments of the answer." *Beebe v. Latimer*, 59 Neb. 305.

2. Costs. In an action at law in the district court, where a verdict is returned in favor of the plaintiff for an amount within the jurisdiction of a justice of the peace, the jury fee and trial fee are costs made by plaintiff, and should be so taxed.

APPEAL from the district court for Custer county: BRUNO O. HOSTETLER, JUDGE. *Reversed as to costs, with directions.*

*Silas A. Holcomb* and *Edwin F. Myers*, for appellant.

*N. T. Gadd, contra.*

FAWCETT, J.

From a judgment of the district court for Custer county, for damages sustained by plaintiff by reason of the breach by defendant of a contract to employ plaintiff upon his ranch, defendant appeals.

The suit as originally commenced was against the defendant John E. Myers and one Edwin F. Myers. It appears from the transcript that at the trial the jury were instructed to find in favor of defendant Edwin F. Myers, for the reason, as stated, that the undisputed evidence showed that defendant, Edwin F. Myers, was the agent of John and had no personal interest in the ranch. The verdict and judgment were against defendant, John E. Myers, and the appeal here is prosecuted by him alone.

But two questions are presented by defendant in his brief and argument: First, that the petition does not state a cause of action; and, second, that the court erred in overruling his motion to retax costs. We will consider these two assignments in the order named.

The "Myers Ranch," as it is termed in the briefs, was, according to the fair inference to be drawn from the pleadings, the property of defendant. The contract of employment, upon which plaintiff relies, rests in a correspondence by mail between himself and Edwin F. Myers, the agent of defendant. This correspondence is more or less voluminous and will not be set out. We deem it sufficient to say that it establishes a contract on the part of Myers to give the plaintiff employment on the Myers ranch, plaintiff to work upon the ranch, and his wife to do the cooking, not only for plaintiff's family, but for three adult persons, two of whom were designated as defendant John E. Myers and his wife. Defendant was to furnish a house and the board for all, and was to pay plaintiff $40 a month. He was also to employ plaintiff's son, a young man 19 years of age, a portion of the time, and during such time furnish his board and pay for his services from $25 to $30 a month, according to the capabilities shown by him. Plaintiff was requested to arrive at Broken Bow "by May 3d." The petition alleges that plaintiff and his wife and son arrived at Broken Bow on that day, and were directed by Edwin F. Myers to proceed to the ranch; that he hired a team and buggy, and with his wife and son proceeded to the ranch; that upon arriving there defendant refused to permit him and his family to remain, and refused to give them employment as agreed. The petition then sets out in detail the damages which plaintiff claims to have sustained, in the sum of $433. The verdict and judgment were for $154. In the judgment it was ordered that each party "pay his own costs."

The complaint made to the petition is that the letters do not contain an acceptance that is definite, unqualified and in the terms of the offer. In this we think counsel is in error. After plaintiff had received and answered two letters, he received a third letter, the opening sentence of which is: "We still want you to come, so come ahead." The letter then proceeds to describe the location of the ranch and the best way to reach it. He was told that he

could reach Broken Bow, 20 miles from the ranch, on the Burlington railroad, or he could go to Oconto, which is eight miles from the ranch, on the Union Pacific, and upon arriving there he could telephone to the ranch and they would send a team after him. The last letter written was short, and shows that Mr. Myers considered the contract completed. It contained a single sentence: "I hope that you can get here by May 3d." The next complaint is that the allegation in the petition, that plaintiff "accepted the offer of the defendant set out in the letters," is a mere conclusion of the pleader. We think, in the light of the correspondence set out, that the allegation quoted cannot properly be so characterized.

It is next urged that defendant did not sign any of the letters; that, while Edwin F. Myers in writing the letters used the pronoun "we," no allegations are made in the petition as to who is meant by that word, and that there is no allegation in the petition that defendant had anything to do with the employing of plaintiff; that the petition contains no allegation which made defendant a party to the contract except what might be inferred from the allegation that "John E. Myers and Edwin F. Myers are managers of what the defendants call the Myers Ranch." This, it is contended, is not sufficient; that it does not say that John E. Myers owned the ranch or owned the business; that it does not charge that John E. and Edwin F. are partners in business, or that they are liable for any contract in behalf of any owner of the business, and is insufficient to charge John E. Myers as an undisclosed principal represented by Edwin F., as agent. If the judgment depended for support upon the petition alone, we might have some hesitancy in sustaining it, but the principal deficiency in the petition, viz., an allegation as to the true relation existing between defendant and Edwin F. Myers, is cured by the averments in defendant's answer. The answer alleges: "That the John Vaughn referred to in the correspondence set out in plaintiff's petition was and is the son-in-law of said plaintiff, and, acting for him on his behalf and as his agent, sought em-

ployment, on what the defendants call. the 'Myers Ranch' for the plaintiff in this action; that the defendant, through his agent, Edwin F. Myers, informed the said Vaughn on or about the first day of April, 1910, that if said Harrison Frazer and his wife were good hands about the farm he would give them $40 per month, Mr. Frazer to work on the farm and Mrs. Frazer to work in the house." This statement to Vaughn, by defendant's "agent, Edwin F. Myers," was followed a few days later by a letter from this "agent" to plaintiff. This letter was the one which opened the correspondence. It was dated April 8, 1910, and in its opening sentence stated: "You have been recommended to me as a good man to work on a ranch and farm by John Vaughn." The averment quoted from the answer is a clear admission of the agency of Edwin F. Myers, and supplies the only deficiency we have been able to discover in the petition. We therefore hold that the petition, as thus aided, states a cause of action.

In taxing the costs under the judgment rendered by the court, the clerk taxed the jury fee, $5, and trial fee, $1, to the defendant. Defendant by proper motion asked that these costs be retaxed and taxed against plaintiff. This motion was overruled. In this we think the court erred. Plaintiff voluntarily went into court and demanded a trial and judgment upon his cause of action. Defendant by the process of the court was compelled to appear. Plaintiff could not obtain his judgment without a trial. He could not have a trial without a jury, unless the intervention of a jury was waived, not only by himself, but by the defendant. No cases in point are cited, and we have neither the time nor inclination to look for them, but as a case of first impression it appears to us quite clear that these two items were costs made by plaintiff, and, under the judgment of the court, that each party should pay his own costs, they should have been taxed against the plaintiff.

The judgment upon plaintiff's cause of action is affirmed; upon the question of costs it is reversed, and the cause

is remanded, with directions to the district court to sustain the motion to retax costs and to tax the two items in controversy to the plaintiff; each party to pay his own costs in this court.

REVERSED AS TO COSTS.

BARNES, ROSE and SEDGWICK, JJ., not sitting.