SALLY ANN GYDESEN, APPELLANT, v. DUANE C. GYDESEN, APPELLEE.

198 N. W. 2d 67

Filed May 26, 1972. No. 38308.

Robert E. Paulick, for appellant.

Luebs, Tracy, Huebner & Dowding, for appellee.

Heard before SPENCER, SMITH, and NEWTON, JJ., and CHADDERDON and C. THOMAS WHITE, District Judges.

CHADDERDON, District Judge.

This is a divorce action brought by Sally Ann Gydesen, hereinafter called "Sally" or "the plaintiff," versus Duane C. Gydesen, hereinafter called "Duane" or "the defendant."

A petition for divorce was filed by Sally on March 9, 1971. Duane filed an answer on April 16. On May 21 a trial was had, and at the close of the evidence the defendant moved for a dismissal. This motion was taken under advisement by the court until September 1 and the temporary custody of the minor children was given to Duane with Sally to pay child support of $15 per week.

On May 25, 1971, Sally filed a dismissal without prejudice, and on June 1 Sally filed a petition for divorce in Merrick County, Nebraska, which petition was dismissed by the court on motion of the defendant on June 25. On June 9 the court found that the dismissal without prejudice was to be treated as a motion to dismiss and the motion was overruled. The overruling of the dismissal was appealed to this court. This court dismissed the appeal on motion of the defendant on August 11.

On August 17, 1971, defendant asked leave to file a cross-petition. On August 26 the plaintiff filed a dismissal, or, in the alternative, asked permission of the court to dismiss her petition without prejudice. On Au-

gust 26 the court gave the defendant permission to file a cross-petition, and the motion for dismissal was overruled. A cross-petition was filed on August 31 and an answer thereto filed by the plaintiff on September 1. On the same day, evidence was introduced on the cross-petition of the defendant, with rebuttal evidence introduced by the plaintiff. The court granted the plaintiff an absolute divorce from the defendant, gave custody of the minor children to the defendant, and divided the property of the parties. From this decree the plaintiff has appealed.

In considering this question, this court has said in Ivins v. Ivins, 171 Neb. 838, 108 N. W. 2d 99: "The rule as to the character of the hearing to be had here is that on appeal to this court in a divorce action the cause is tried de novo."

Sally and Duane were married December 2, 1962, and have two children, Pamela Jean, born August 20, 1964, and Julie Ann, born June 8, 1967.

It would serve no useful purpose to set out the testimony in regard to the difficulties in this marriage. We think the evidence was sufficient for the trial court to grant Sally a divorce from Duane and that the division of the property was fair and equitable.

The plaintiff has set out six assignments of error but in her brief raises only two questions, which are: (1) Did the court abuse its discretion in awarding custody of the children to Duane? and (2) Did Sally have a right to dismiss her action without prejudice? We will discuss the second question first.

Section 25-601, R. R. S. 1943, provides: "An action may be dismissed without prejudice to a future action (1) by the plaintiff, before the final submission of the case to a jury, or to the court where the trial is by the court, * * *."

In this case, in the trial on May 21, 1971, the plaintiff presented her case and rested, and the defendant moved for a dismissal of the plaintiff's petition. The

court took the matter under advisement until September 1. Certainly this was a submission of the case to the court and the plaintiff thereby lost her right to dismiss without prejudice. The trial court treated the two dismissals as a motion to dismiss and overruled both motions. This was within the discretion of the court and we do not think that this was an abuse of discretion.

The court found that both Sally and Duane were fit and proper parties to have custody of the minor children, but that since Duane had had a vasectomy and would be unable to have children in the future, he should have the custody of the children. There was testimony at the trial on May 21, 1971, that Sally intended to move to Wyoming, but in her rebuttal testimony on September 1 she testified that she intended to make her home in Grand Island.

There was further testimony that both Duane and Sally used the same babysitter for the minor girls, age 2 and 6, during working hours. It was necessary for Duane to take them to the babysitter at 6:30 a.m. in their nightclothes and they were put to bed by the babysitter until time for them to arise. Sally would take them to the babysitter about 8 or 8:30 a.m. which would allow the girls to get up at the normal time.

The testimony also brought out that Duane lived on an acreage a few miles from Grand Island and at night would play with the children and let them ride a horse he had purchased for that purpose, but there was no evidence that the girls had other children near their age to play with when they were in the custody of Duane.

The rule regarding custody of children laid down by this court is expressed in Bauer v. Bauer, 184 Neb. 777, 172 N. W. 2d 231: "In determining the question of who should have the care and custody of the children, this court has repeatedly said that as between the parties the paramount consideration is the best interest and welfare of the children. * * * Ordinarily the custody

of children of tender years should be awarded to the mother unless it is affirmatively demonstrated that she is unsuitable, unfit, or unable to provide a good home."

Since that rule was adopted, the Legislature in 1971 amended sections 42-310 and 42-311, R. R. S. 1943, to state in part: "No presumption shall exist that the mother of such children is more fit to take custody than the father." Since the passage of this legislation the court can only determine the best interests and welfare of the children as stated in Bauer v. Bauer, *supra*. We feel that the granting of the custody of the two girls to Duane because he had had a vasectomy is not considering the best interests and welfare of the children but that their best interests and welfare would be served by granting their custody to Sally since they would be able to live a more normal life.

The granting of the divorce to Sally and the division of the property is affirmed. The granting of the custody of the minor children is reversed. The cause is remanded, and the trial court is ordered to grant the custody of the minor children to Sally and to provide for support for the minor children by Duane. The trial court may make such order as it sees fit with regard to the removal of the children from the jurisdiction of that court. All other matters are affirmed. The costs of this action, including reasonable attorney fees for the plaintiff in the amount of $600, are taxed to the defendant.

AFFIRMED IN PART, AND IN PART
REVERSED AND REMANDED.