Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/13/2018 09:08 AM CDT

MILLARD GUTTER COMPANY, A CORPORATION
DOING BUSINESS AS MILLARD ROOFING AND
GUTTER, APPELLANT, V. AMERICAN FAMILY
INSURANCE COMPANY, APPELLEE.

___ N.W.2d ___

Filed July 13, 2018.    No. S-17-485.

1. **Jurisdiction: Appeal and Error.** The question of jurisdiction is a question of law, upon which an appellate court reaches a conclusion independent of the trial court.
2. **Costs: Appeal and Error.** The decision of a trial court regarding taxing of costs is reviewed for an abuse of discretion.
3. **Judgments: Words and Phrases.** A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.
4. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.
5. **Dismissal and Nonsuit.** Generally speaking, under Neb. Rev. Stat. §§ 25-601 and 25-602 (Reissue 2016), a plaintiff has the right to dismiss an action without prejudice any time before final submission of the case, so long as no counterclaim or setoff has been filed by an opposing party.
6. ____. The statutory right to voluntary dismissal under Neb. Rev. Stat. §§ 25-601 and 25-602 (Reissue 2016) is not a matter of judicial grace or discretion, but neither is it absolute or without limitation.
7. ____. Under certain circumstances, a district court has the authority to deny a voluntary dismissal pursuant to Neb. Rev. Stat. §§ 25-601 and 25-602 (Reissue 2016) and may attach conditions to the dismissal where justice and equitable principles so require.
8. **Summary Judgment: Dismissal and Nonsuit.** A motion for summary judgment can be a final submission that will prevent voluntary dismissal under Neb. Rev. Stat. § 25-601 (Reissue 2016).

- 467 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
300 NEBRASKA REPORTS
MILLARD GUTTER CO. v. AMERICAN FAMILY INS. CO.
Cite as 300 Neb. 466

9. **Dismissal and Nonsuit: Costs.** Neb. Rev. Stat. § 25-602 (Reissue 2016) gives plaintiffs in district court the right to dismiss their action without prejudice, upon payment of costs, when no counterclaim or setoff has been filed by the opposing party.

10. **Costs.** Litigation expenses are not recoverable unless provided for by statute or a uniform course of procedure.

11. **Costs: Legislature.** It is within the province of the Legislature to designate specific items of litigation expense which may be taxed as costs.

12. **Trial: Evidence: Costs.** The electronic presentation of evidence is not a taxable cost.

13. **Juries: Costs.** Under Neb. Rev. Stat. § 33-138(3) (Reissue 2016), the payment of jurors for service in the district and county courts shall be made by the county.

Appeal from the District Court for Douglas County: HORACIO J. WHEELOCK, Judge. Affirmed in part, and in part reversed.

Theodore R. Boecker, Jr., of Boecker Law Office, P.C., L.L.O., for appellant.

Joel D. Nelson and Joel Bacon, of Keating, O'Gara, Nedved & Peter, L.L.O., for appellee.

Donald W. Kleine, Douglas County Attorney, and Cortney M. Wiresinger for amicus curiae Douglas County, Nebraska.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, and FUNKE, JJ.

STACY, J.

Millard Gutter Company, a corporation doing business as Millard Roofing and Gutter (Millard Gutter), filed this civil action against American Family Insurance Company (American Family) in the Douglas County District Court. Just prior to jury selection, Millard Gutter filed a voluntary dismissal without prejudice. The district court held a hearing, after which it entered a judgment of dismissal and taxed costs to Millard Gutter, including expenses incurred by American Family in setting up courtroom technology and expenses incurred by Douglas County in compensating prospective

jurors. Millard Gutter appeals, arguing that once it filed a voluntary dismissal, the district court lacked authority to make any further rulings. Alternatively, Millard Gutter argues the district court erred in taxing technology expenses and jury expenses as costs.

We conclude, on the facts of this case, that Millard Gutter's voluntary dismissal had no effect on the district court's authority to make further rulings. But we find the court erred in taxing technology expenses and jury expenses as costs. We therefore reverse that portion of the judgment, and in all other respects we affirm.

## I. BACKGROUND

After a 2013 hailstorm, Millard Gutter performed roof repairs for approximately 48 homeowners in the Omaha area, all of whom were insured with American Family. In connection with those repairs, Millard Gutter took assignments of any right the homeowners had to insurance proceeds due under their homeowners' policies. The validity of the assignments is not at issue in this appeal.

In 2015, Millard Gutter filed suit, as assignee of the homeowners, against American Family. Millard Gutter's complaint alleged claims for (1) breach of contract, (2) bad faith, (3) violations of the Unfair Insurance Trade Practices Act,[1] and (4) violations of the Unfair Insurance Claims Settlement Practices Act.[2]

American Family's answer admitted that it issued insurance policies to the Omaha homeowners and had an obligation to pay for covered losses caused by the hailstorm, but denied that Millard Gutter had valid assignments. American Family raised several affirmative defenses, including that it was entitled to a credit or setoff for payments previously made to the homeowners under the insurance policies. American Family's

---

[1] Neb. Rev. Stat. §§ 44-1521 to 44-1535 (Reissue 2010).

[2] Neb. Rev. Stat. §§ 44-1536 to 44-1544 (Reissue 2010 & Cum. Supp. 2016).

- 469 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
MILLARD GUTTER CO. v. AMERICAN FAMILY INS. CO.
Cite as 300 Neb. 466

answer also alleged that Millard Gutter's claims were frivolous and requested an award of costs and attorney fees under Neb. Rev. Stat. § 25-824 (Reissue 2016).

### 1. American Family Moves for
### Partial Summary Judgment

American Family moved for partial summary judgment on three of Millard Gutter's four claims for relief. The court granted the motion and entered summary judgment in favor of American Family on the claims alleging (1) bad faith, (2) violations of the Unfair Insurance Trade Practices Act, and (3) violations of the Unfair Insurance Claims Settlement Practices Act. Neither party asked the court to direct the entry of a final judgment under Neb. Rev. Stat. § 25-1315 (Reissue 2016), and the court did not do so.

The only claims to survive summary judgment were Millard Gutter's claims for breach of contract, which were set for trial on January 23, 2017. The parties were given a special jury setting to minimize the risk that trial would need to be continued to accommodate other cases on the court's docket. Trial was expected to last 5 days.

### 2. Millard Gutter Files
### Voluntary Dismissal

During its final trial preparations, Millard Gutter discovered "underbilling issues" on some of the roof repairs, and decided to dismiss its breach of contract claims without prejudice rather than proceed to trial; it planned to refile the action later and seek additional damages. Thus, on the morning of January 23, 2017, just minutes before trial was set to begin, Millard Gutter filed a voluntary dismissal without prejudice pursuant to Neb. Rev. Stat. § 25-601 (Reissue 2016).

### 3. Court Holds Hearing on Voluntary
### Dismissal and Costs

Immediately after learning Millard Gutter had filed a voluntary dismissal, the district court held a hearing on the record

- 470 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
MILLARD GUTTER CO. v. AMERICAN FAMILY INS. CO.
Cite as 300 Neb. 466

to discuss the effect of the filing and to address taxable costs. When asked what effect the voluntary dismissal should have on the claims previously resolved on summary judgment, Millard Gutter replied, "Our position is all we're voluntarily dismissing without prejudice are the claims that have not already been dismissed, so the remaining claims are what we are dismissing."

When addressing costs, the hearing focused on the expenses incurred by American Family in setting up courtroom technology for use during the scheduled trial and the expenses incurred by Douglas County to bring in prospective jurors.

### (a) Courtroom Technology Expenses

American Family hired a court reporting firm to equip the courtroom with electronics and display screens for use during the 5-day trial. It was undisputed that the firm spent several hours over 2 days setting up the technology at a cost of $1,650. American Family asked that this expense be taxed to Millard Gutter. Millard Gutter stipulated to the reasonableness of the charges, but took the position that courtroom technology expenses were not properly taxable as costs. American Family made no request for other costs or attorney fees and did not ask for a determination of frivolousness under § 25-824.

### (b) Jury Expenses

With the parties' knowledge, the court summoned 40 prospective jurors, rather than the usual 25, out of concern that potential juror conflicts might exist with American Family. These prospective jurors were called exclusively for this case and were waiting at the courthouse when the voluntary dismissal was filed.

During the hearing on costs, the court remarked, "It cost the taxpayers approximately $2,000 to have 40 jurors ready to go this morning, and that includes the . . . $35 fee for each juror and then approximately $15 in mileage for each juror . . . ." The court suggested an evidentiary hearing be held later in the

- 471 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
300 NEBRASKA REPORTS
MILLARD GUTTER CO. v. AMERICAN FAMILY INS. CO.
Cite as 300 Neb. 466

day to permit the clerk of the Douglas County District Court to testify and "get it down to the penny." Millard Gutter declined an evidentiary hearing on the issue and stipulated that juror fees and mileage totaled $2,000, but argued such expenses were not properly taxable as costs.

### 4. Order of Dismissal and Taxation of Costs

The court announced its ruling from the bench. It held the prior summary judgments in favor of American Family would "remain in place" on the claims of bad faith, violations of the Unfair Insurance Trade Practices Act, and violations of the Unfair Insurance Claims Settlement Practices Act. It further held it would dismiss "the remaining breach of contract" claims without prejudice, pursuant to the voluntary dismissal. The court taxed costs to Millard Gutter, including $1,650 for technology expenses incurred by American Family and $2,000 "to be paid to the Douglas County District Court clerk's office for the 40 jurors that were specifically assigned to this case."

Subsequently, the court entered a judgment of dismissal, styled as an order, consistent with its ruling from the bench. In addition to taxing technology costs and jury costs, the judgment taxed "all court costs" to Millard Gutter. The judgment also imposed certain procedural conditions in the event Millard Gutter refiled the action against American Family, but because neither party has assigned error to such conditions, we do not address them further.

### 5. Millard Gutter's Motion to Alter or Amend

Millard Gutter filed a timely motion to alter or amend. It argued the district court had no authority to rule on any issue after the voluntary dismissal was filed. In the alternative, Millard Gutter argued that neither jury expenses nor technology expenses were properly taxable as costs. The district court overruled the motion to alter or amend in all respects. Millard

- 472 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
MILLARD GUTTER CO. v. AMERICAN FAMILY INS. CO.
Cite as 300 Neb. 466

Gutter timely appealed, and we moved the appeal to our docket on our own motion.[3]

## II. ASSIGNMENTS OF ERROR

Millard Gutter assigns, restated and consolidated, that the district court erred in (1) making any rulings after the voluntary dismissal was filed, (2) determining technology expenses and jury expenses were taxable costs, and (3) overruling the motion to alter or amend.

## III. STANDARD OF REVIEW

[1] The question of jurisdiction is a question of law, upon which an appellate court reaches a conclusion independent of the trial court.[4]

[2,3] The decision of a trial court regarding taxing of costs is reviewed for an abuse of discretion.[5] A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.[6]

[4] Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.[7]

## IV. ANALYSIS

### 1. Voluntary Dismissal

Millard Gutter argues that once the voluntary dismissal without prejudice was filed, it had the effect of withdrawing

---

[3] See Neb. Rev. Stat. § 24-1106(3) (Supp. 2017).

[4] *Klingelhoefer v. Monif*, 286 Neb. 675, 839 N.W.2d 247 (2013); *Kansas Bankers Surety Co. v. Halford*, 263 Neb. 971, 644 N.W.2d 865 (2002).

[5] *O'Brien v. Cessna Aircraft Co.*, 298 Neb. 109, 903 N.W.2d 432 (2017).

[6] *Id.*

[7] *Amend v. Nebraska Pub. Serv. Comm.*, 298 Neb. 617, 905 N.W.2d 551 (2018).

- 473 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
MILLARD GUTTER CO. v. AMERICAN FAMILY INS. CO.
Cite as 300 Neb. 466

the entire case from the court's consideration. According to Millard Gutter, the voluntary dismissal "automatically terminated the jurisdiction" of the district court[8] and the court thereafter lacked authority to make any further rulings regarding the case. We disagree.

The ability of a plaintiff to voluntarily dismiss his or her claim without prejudice is codified in § 25-601 and Neb. Rev. Stat. § 25-602 (Reissue 2016).[9] Section 25-601 provides that "[a]n action may be dismissed without prejudice to a future action (1) by the plaintiff, before the final submission of the case to the jury, or to the court where the trial is by the court . . . ." A related statute, § 25-602, applies to cases pending before a district court or appellate court. At the time Millard Gutter filed its voluntary dismissal, § 25-602 provided:

> The plaintiff, in any case pending in the district or Supreme Court of the state, shall, when no counterclaim or setoff has been filed by the opposite party, have the right in the vacation of any of said courts to dismiss his said action without prejudice, upon payment of costs, which dismissal shall be, by the clerk of any of said courts, entered upon the journal and take effect from and after the date thereof.

We note that the Legislature recently amended § 25-602 primarily to update terminology,[10] but those amendments do not affect our analysis in this case.

[5,6] Generally speaking, under §§ 25-601 and 25-602, a plaintiff has the right to dismiss an action without prejudice any time before final submission of the case, so long as no counterclaim or setoff has been filed by an opposing

---

[8] Brief for appellant at 6.

[9] See *Holste v. Burlington Northern RR. Co.*, 256 Neb. 713, 592 N.W.2d 894 (1999).

[10] See 2018 Neb. Laws, L.B. 193, § 9.

party.[11] We have stated that the statutory right to voluntary dismissal under §§ 25-601 and 25-602 is not a matter of judicial grace or discretion,[12] but neither is it absolute or without limitation.[13]

[7] Under certain circumstances,[14] a district court has the authority to deny a voluntary dismissal pursuant to §§ 25-601 and 25-602 and may attach conditions to the dismissal where justice and equitable principles so require.[15] And we have repeatedly stated that despite a plaintiff's statutory right to voluntary dismissal, trial courts have discretion to protect the """"rights which have accrued to [a] defendant"""" in the action """"such as the preservation of a counterclaim, the restitution of property of which he has been deprived, the recovery of his costs, and the like.""""[16]

Here, we apply the plain language of §§ 25-601 and 25-602 and conclude that at the time Millard Gutter filed its voluntary dismissal, it had no such right under either statute. As

---

[11] *Kansas Bankers Surety Co., supra* note 4. See, also, Neb. Rev. Stat. § 25-603 (Reissue 2016) (defendant in "any case" has right to proceed to trial on counterclaim or setoff "although the plaintiff may have dismissed the action or failed to appear").

[12] *Holste, supra* note 9; *Schroeder v. Schroeder*, 223 Neb. 684, 392 N.W.2d 787 (1986); *Dawson v. Papio Nat. Resources Dist.*, 210 Neb. 100, 313 N.W.2d 242 (1981), *modified on denial of rehearing* 210 Neb. 612, 316 N.W.2d 311 (1982).

[13] See, *Holste, supra* note 9; *Horton v. State*, 63 Neb. 34, 88 N.W. 146 (1901).

[14] See *Holste, supra* note 9 (court can deny party's voluntary dismissal where party is necessary party to another claim in same action). See, also, *Vose v. Müller*, 48 Neb. 602, 67 N.W. 598 (1896) (explaining court can deny plaintiff's voluntary dismissal in replevin action if plaintiff obtained possession of property through prejudgment order of delivery).

[15] See, *Holste, supra* note 9; *Schroeder, supra* note 12; *Dawson, supra* note 12; *Feight v. Mathers*, 153 Neb. 839, 46 N.W.2d 492 (1951); *Blue River Power Co. v. Hronik*, 116 Neb. 405, 217 N.W. 604 (1928).

[16] *Kansas Bankers Surety Co., supra* note 4, 263 Neb. at 978, 644 N.W.2d at 870, quoting *Feight, supra* note 15. Accord *Dawson, supra* note 12.

- 475 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
MILLARD GUTTER CO. v. AMERICAN FAMILY INS. CO.
Cite as 300 Neb. 466

we explain below, there was a final submission that precluded voluntary dismissal under § 25-601, and a setoff had been filed that precluded voluntary dismissal under § 25-602.

(a) Final Submission Under § 25-601

Section 25-601 provides that a plaintiff may dismiss an action without prejudice any time before final submission to the jury or the court. Millard Gutter claims that its voluntary dismissal was filed before final submission for purposes of § 25-601, because the breach of contract claim had not yet been submitted to the jury. But Millard Gutter's argument ignores the fact that at the time it filed its dismissal, summary judgment had been entered on three of its four claims.

We have not squarely addressed whether a summary judgment motion can constitute a final submission for purposes of § 25-601. But our case law demonstrates that a final submission can occur on a motion.

In a bench trial, we have treated a motion for directed verdict at the close of the plaintiff's case as a final submission preventing voluntary dismissal under § 25-601.[17] And in a jury trial, we have treated a defendant's motion for directed verdict as a final submission under § 25-601 once the parties argued their positions on the motion.[18] In doing so, we reasoned that a motion for directed verdict is a final submission that limits the right of voluntary dismissal, because "the court is called upon to determine as a matter of law whether there are any issues arising from the facts submitted which present a jury question."[19] This same rationale applies to motions for summary judgment. We have also explained that if the court overrules the motion for directed verdict, there is no longer a final submission and the plaintiff

---

[17] See *Gydesen v. Gydesen*, 188 Neb. 538, 198 N.W.2d 67 (1972).

[18] See, *Collection Specialists v. Veseley*, 238 Neb. 181, 469 N.W.2d 549 (1991); *Miller v. Harris*, 195 Neb. 75, 236 N.W.2d 828 (1975); *Fronk v. Evans City Steam Laundry Co.*, 70 Neb. 75, 96 N.W. 1053 (1903).

[19] *Miller, supra* note 18, 195 Neb. at 78, 236 N.W.2d at 830.

- 476 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
MILLARD GUTTER CO. v. AMERICAN FAMILY INS. CO.
Cite as 300 Neb. 466

regains the right to dismiss the action if he or she chooses, because at that point, "fact issues remain to be determined by the jury, and those issues have not yet been submitted to the jury."[20]

To date, our only case addressing summary judgment and § 25-601 is *Kansas Bankers Surety Co. v. Halford*.[21] In that case, the defendant filed a motion for summary judgment and submitted a brief to the court in support. On the day the plaintiff's brief was due, the plaintiff instead filed a dismissal without prejudice, which the court granted that same day. On those facts, we concluded the plaintiff retained the statutory right to voluntary dismissal without prejudice, because the defendant "had not filed a setoff or counterclaim" and "[t]here was no relief requested by [the plaintiff] that was pending at the time of [the] dismissal other than [the defendant's] motion for summary judgment . . . ."[22]

Our statement regarding summary judgment could have been more precise, but we take this opportunity to clarify that we were not suggesting such a motion could not be a final submission under § 25-601. Rather, we were emphasizing that a final submission does not occur until argument is complete or has been waived; and where argument is allowed by brief, final submission will not occur until the briefing is complete or until the time for submitting briefs has expired.[23] Because the voluntary dismissal in *Kansas Bankers Surety Co.* was filed before the time for briefing had expired, the summary judgment motion was not a final submission for purposes of § 25-601.

[8] We now hold, as we have with motions for directed verdict, that a motion for summary judgment can be a final

---

[20] *Id.*

[21] *Kansas Bankers Surety Co., supra* note 4.

[22] *Id.* at 979, 644 N.W.2d at 871.

[23] See *Plattsmouth Loan & Bldg. Ass'n v. Sedlak*, 128 Neb. 509, 259 N.W. 367 (1935).

submission that will prevent voluntary dismissal under § 25-601. In this case, the district court granted summary judgment on three of Millard Gutter's four claims; thus, there was a final submission regarding some, but not all, of Millard Gutter's claims. In this respect, we emphasize that a final submission should not be confused with a final judgment.

Here, the district court did not direct the entry of final judgment pursuant to § 25-1315(1), so its ruling on the summary judgment motions was the product of a final submission, but was not a final judgment for purposes of appeal.[24] Consequently, the district court was free to revise or vacate the summary judgments at any time prior to entry of judgment adjudicating all of the claims and rights of the parties.[25]

Had the court here revised or set aside the summary judgments, it may have affected our final submission determination under § 25-601. But the court's judgment in this case did neither. To the contrary, the district court's judgment not only incorporated by express reference its prior summary judgment rulings in favor of American Family, but also excepted those prior rulings from the dismissal without prejudice.

Because the summary judgments in favor of American Family were the product of final submissions that were not revised or set aside before Millard Gutter's voluntary dismissal was filed, Millard Gutter had no statutory right under § 25-601 to voluntarily dismiss these claims without prejudice.[26]

### (b) Setoff Under § 25-602

[9] Millard Gutter's right to voluntary dismissal of its remaining breach of contract claims was affected by § 25-602. As previously stated, that statute gives plaintiffs in district court the right to dismiss their action without prejudice, upon

---

[24] See, John P. Lenich, *There's No Escape: The Plaintiff's Right to Dismiss After the Submission of a Motion for Summary Judgment or a Motion to Dismiss in Nebraska*, 1 Neb. L. Rev. Bull. 31 (2009).

[25] See § 25-1315(1).

[26] Accord Lenich, *supra* note 24.

- 478 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
MILLARD GUTTER CO. v. AMERICAN FAMILY INS. CO.
Cite as 300 Neb. 466

payment of costs, when no counterclaim or setoff has been filed by the opposing party.

In this case, the answer filed by American Family included allegations that it was entitled to a setoff for payments previously made to the homeowners in the event it was determined that additional sums were owed under the insurance contracts. Consequently, to the extent Millard Gutter sought voluntary dismissal of its remaining breach of contract claims, it had no right to do so under § 25-602, because a setoff related to those claims was filed by American Family and American Family was ready to proceed to trial on the setoffs.[27] Of course, in response to Millard Gutter's filing, the court had discretion to grant a dismissal without prejudice,[28] which it ultimately did as to the breach of contract claims but not as to the claims on which summary judgment had been granted as a matter of law.

Given the procedural posture of this case at the time Millard Gutter filed its dismissal, it had no statutory right to voluntary dismissal under either § 25-601 or § 25-602. Consequently, the district court's authority to make further rulings in the case was unaffected by the filing, and Millard Gutter's first assignment of error is without merit.

## 2. Taxable Costs

The district court's judgment taxed "all court costs" to Millard Gutter and, in addition, ordered it to pay $1,650 for technology expenses incurred by American Family and $2,000 to "reimburse the tax payers of Douglas County" for the expenses associated with bringing in 40 jurors for trial. On appeal, Millard Gutter argues that neither the technology expenses nor the expenses of securing jurors are properly taxed as costs.

[10,11] Since as early as 1922, this court has recognized that litigation expenses are not recoverable costs unless provided

---

[27] See § 25-603.

[28] See, e.g., *Tuttle v. Wyman*, 149 Neb. 769, 32 N.W.2d 742 (1948).

- 479 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
MILLARD GUTTER CO. v. AMERICAN FAMILY INS. CO.
Cite as 300 Neb. 466

for by statute or a uniform course of procedure.[29] And while our cases have not always been consistent in their treatment of taxable costs, we recently recommitted to the basic principle that "it is within the province of the Legislature to designate specific items of litigation expense which may be taxed as costs."[30] To that end, we have expressly disapproved of our prior cases which permitted the recovery of litigation expenses without an explicit basis in statute or uniform procedure.[31]

In an action for the recovery of money, taxable costs upon final judgment are governed by Neb. Rev. Stat. §§ 25-1708 and 25-1710 (Reissue 2016). Section 25-1708 governs costs upon judgment in favor of a plaintiff, and § 25-1710 governs costs upon judgment in favor of a defendant. Both statutes allow for the recovery of "costs," but neither specifies which costs are recoverable. Under such circumstances, we have held a party may recover "the costs of the filing of the action, and any other expenses that are specifically delineated as taxable costs by statute."[32]

Here, American Family obtained a judgment in its favor on three of the four claims asserted by Millard Gutter. To the extent the judgment here directed Millard Gutter to pay "all court costs," Millard Gutter assigns no error. Our analysis is limited to whether a statute or uniform course of procedure authorized the district court to tax as costs the expenses associated with courtroom technology or securing jurors. We find no such authorization.

### (a) Technology Expenses

American Family hired a company to equip the courtroom with electronics and display screens for use during the

---

[29] See, *McGill v. Lion Place Condo. Assn.*, 291 Neb. 70, 864 N.W.2d 642 (2015), citing *Toop v. Palmer*, 108 Neb. 850, 189 N.W. 394 (1922).

[30] *City of Falls City v. Nebraska Mun. Power Pool*, 281 Neb. 230, 235, 795 N.W.2d 256, 260 (2011).

[31] *McGill, supra* note 29.

[32] *Id*. at 95, 864 N.W.2d at 661.

- 480 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
MILLARD GUTTER CO. v. AMERICAN FAMILY INS. CO.
Cite as 300 Neb. 466

scheduled trial. The expense for this service was stipulated to be $1,650. There is no dispute that the charges were fair and reasonable, and no claim that the presentation of evidence would not have been enhanced by the use of such technology. The question presented is whether litigation expenses associated with courtroom technology are properly taxable as costs.

[12] In *City of Falls City v. Nebraska Mun. Power Pool*,[33] this court specifically held that the electronic presentation of evidence is not a taxable cost, noting that no Nebraska statute or uniform course of procedure authorizes it as such. We are aware that federal courts have allowed taxation of costs associated with the electronic display of trial exhibits as a form of "exemplification" under 28 U.S.C. § 1920 (2012),[34] but Nebraska has no corollary to this federal statute. Therefore, we must find the district court abused its discretion in taxing these technology expenses as costs.

### (b) Jury Expenses

The parties stipulated that the cost of bringing in 40 prospective jurors for the trial in this case was $2,000. The district court found that "under the circumstances it is fair, just, and equitable to order [Millard Gutter] to pay such costs and reimburse the tax payers of Douglas County, Nebraska." Accordingly, as part of the judgment, Millard Gutter was directed to pay $2,000 to the clerk of the Douglas County District Court.

[13] Under Nebraska law, the "[p]ayment of jurors for service in the district and county courts shall be made by the county."[35] Each juror is statutorily entitled to receive $35 for each day "employed in the discharge of his or her duties," plus mileage at the statutory rate "for each mile necessarily

---

[33] *City of Falls City, supra* note 30.

[34] See *id*. See, also, e.g., *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748 (8th Cir. 2006).

[35] Neb. Rev. Stat. § 33-138(3) (Reissue 2016).

- 481 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
MILLARD GUTTER CO. v. AMERICAN FAMILY INS. CO.
Cite as 300 Neb. 466

traveled."[36] The statute also permits jurors to voluntarily waive such payment.[37]

Millard Gutter argues that the expense of bringing in jurors is a governmental cost and not a cost properly taxable to the parties. Millard Gutter notes that in criminal cases, we have expressly held it is error to tax such costs[38] and further argues there is no statute or uniform procedure that permits a court to tax jury expenses as costs in a civil case.

American Family counters that juror compensation may properly be taxed as costs, and relies on our reasoning in *Frazer v. Myers*[39] as support for this proposition. In *Frazer*, the jury returned a verdict for the plaintiff in a breach of contract case. The court's judgment directed each party to pay their own costs, but, in addition, taxed to the defendant a $5 "jury fee" and a $1 "trial fee."[40] The defendant asked that these costs be "retaxed" against the plaintiff, and the trial court refused.[41] On appeal, we found this was error, reasoning:

> Plaintiff voluntarily went into court and demanded a trial and judgment upon his cause of action. Defendant by the process of the court was compelled to appear. Plaintiff could not obtain his judgment without a trial. He could not have a trial without a jury, unless the intervention of a jury was waived, not only by himself, but by the defendant. No cases in point are cited, and we have

---

[36] § 33-138(1).

[37] § 33-138(4).

[38] See, *State ex rel. City of St. Paul v. Rutten*, 177 Neb. 633, 130 N.W.2d 558 (1964) (error to tax convicted defendant with payment of juror compensation, meals, and mileage); *State v. Jungclaus*, 176 Neb. 641, 126 N.W.2d 858 (1964) (error to tax convicted defendant with paying for juror meals, lodging, and mileage because no statute authorized taxing such items as costs).

[39] *Frazer v. Myers*, 95 Neb. 194, 145 N.W. 357 (1914).

[40] *Id.* at 197, 145 N.W. at 358.

[41] *Id.*

- 482 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
MILLARD GUTTER CO. v. AMERICAN FAMILY INS. CO.
Cite as 300 Neb. 466

neither the time nor inclination to look for them, but
as a case of first impression it appears to us quite clear
that these two items were costs made by plaintiff, and,
under the judgment of the court, that each party should
pay his own costs, they should have been taxed against
the plaintiff.[42]

The reasoning in *Frazer* is not compelling support for the
proposition that jury expenses are properly taxable as costs.
More importantly, *Frazer* is contrary to our recent reaffir-
mation of the principle that "it is within the province of the
Legislature to designate specific items of litigation expense
which may be taxed as costs"[43] and our express disapproval of
prior cases that permitted recovery of litigation expenses with-
out an explicit basis in statute or uniform procedure.[44]

Douglas County filed an amicus curiae brief, directing our
attention to Neb. Rev. Stat. § 25-1711 (Reissue 2016). That
statute applies in equity actions, and permits an appellate court,
in its discretion, to "tax as costs the actual fees and expenses
necessitated by such jury [where a jury is demanded in the
district court] if the court finds that the appeal was taken
or the original filing was made for a frivolous or capricious
reason."[45] Douglas County concedes this statute does not apply
to the present case, but suggests the statute shows that the
Legislature has, under certain circumstances, defined taxable
costs to include jury expenses.

Section 25-1711 illustrates that when the Legislature wants
to make jury fees and expenses a taxable cost, it knows how
to do so. To date, it has authorized only appellate courts to
tax jury fees and expenses, and then only in very limited

---

[42] *Id.*

[43] *City of Falls City, supra* note 30, 281 Neb. at 235, 795 N.W.2d at 260.

[44] See *McGill, supra* note 29.

[45] See *Langel Chevrolet-Cadillac v. Midwest Bridge*, 213 Neb. 283, 329
N.W.2d 97 (1983) (reiterating § 25-1711 applies to equitable actions—not
those involving recovery of money).

- 483 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
MILLARD GUTTER CO. v. AMERICAN FAMILY INS. CO.
Cite as 300 Neb. 466

circumstances. Because § 25-1711 does not apply—either factually or procedurally—to this case, it provides no authority for taxing Millard Gutter with jury fees and mileage.

Finally, we are urged by American Family and Douglas County to conclude that even if no other statute authorizes a district court to tax jury expenses as costs, it is permissible to assess jury costs against a party who brings or defends a civil action that alleges a claim or defense which a court determines is frivolous or made in bad faith under § 25-824. We express no opinion on whether jury costs can be assessed under § 25-824, because there was no finding of frivolousness in this case that would bring this action within the purview of that statute. We also express no opinion on whether there are any circumstances under which a district court, as a court of general jurisdiction having the inherent power to do all things necessary for the proper administration of justice and equity within the scope of its jurisdiction,[46] might impose upon a party the expense incurred by a county to provide a jury panel in a civil case. Although on appeal American Family alludes to this inherent authority, the district court based its decision on its authority to tax costs and not upon its inherent power.

Nebraska law mandates that jurors shall be paid "by the county"[47] for their service in district court. The parties direct us to no other statute that authorizes a trial court to tax, as costs in a civil action, the sums paid to pay jurors for their service and mileage. We share the trial court's frustration that Millard Gutter waited until 40 prospective jurors were present at the courthouse to dismiss its remaining claims, and we do not condone the needless waste of taxpayer resources that resulted from this tactic. But we are also mindful that shifting the expense of juror fees and mileage from the government to the parties under certain circumstances could have a chilling effect

[46] See *Holt County Co-op Assn. v. Corkle's, Inc.*, 214 Neb. 762, 336 N.W.2d 312 (1983).

[47] § 33-138(3).

on exercising the constitutional right to a jury trial.[48] Questions of whether, or under what circumstances, the governmental expense of juror fees and mileage should be taxed as costs in a civil action are matters of public policy in the province of the Legislature.[49] In the absence of a statute or uniform course of procedure that authorized the district court to tax jury expenses as costs, we must find the district court abused its discretion in awarding these costs.

### 3. Motion to Alter or Amend Judgment

Millard Gutter assigns the trial court erred in denying its motion to alter or amend the order taxing costs. Given our resolution of this appeal, it is unnecessary to address this assignment.[50]

## V. CONCLUSION

At the time Millard Gutter filed its dismissal, it had no statutory right to voluntary dismissal under either § 25-601 or § 25-602. For that reason, the district court's authority to make further rulings in the case was unaffected by that filing. However, because there is no statute or uniform course of procedure authorizing the district court to tax as costs the expenses associated with courtroom technology or juror fees and mileage, we must find the district court abused its discretion in taxing such expenses as costs. We therefore reverse the judgment of the district court to the extent it taxed such costs, and in all other respects, we affirm.

Affirmed in part, and in part reversed.

Wright and Kelch, JJ., not participating.

---

[48] See Neb. Const. art. I, § 6.

[49] See *City of Falls City, supra* note 30.

[50] *In re Interest of Josue G.*, 299 Neb. 784, 910 N.W.2d 159 (2018) (appellate court not obligated to engage in analysis unnecessary to adjudicate case and controversy before it).