IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

WILLIAMS V. COMBAT VETERANS MOTORCYCLE ASSN.

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

MICHAEL G. WILLIAMS, APPELLANT,

V.

COMBAT VETERANS MOTORCYCLE ASSOCIATION, INC., APPELLEE.

Filed May 28, 2024.    No. A-23-676.

Appeal from the District Court for Lancaster County: KEVIN R. MCMANAMAN, Judge. Affirmed.

Michael G. Williams, pro se.

Christopher S. Bartling, of Bartling & Hinkle, P.C., for appellee.

PIRTLE, Chief Judge, and RIEDMANN and BISHOP, Judges.

PIRTLE, Chief Judge.

## INTRODUCTION

In 2015, Michael G. Williams was expelled from the Combat Veterans Motorcycle Association, Inc. (CVMA). He has since filed multiple lawsuits attempting to regain his membership. The present action is his fifth attempt to do so in 8 years. In this case, the district court for Lancaster County accepted Williams' request to voluntarily dismiss his complaint and awarded attorney fees to CVMA. Williams now appeals that order. For the following reasons, we affirm.

## BACKGROUND

We begin by noting that there was no bill of exceptions filed in this matter and the transcript only contains Williams' complaint, the district court's order, and Williams' certificate of service. As such, our recitation of facts relies on the background recited in the district court's order.

- 1 -

CVMA is a Missouri non-profit corporation that has chapters throughout the United States. CVMA is a voluntary, private, and exclusive organization of veterans, and their spouses, who share a common interest in motorcycle riding and the motorcycle community. At some point, Williams was a member of CVMA. However, in 2015, he was expelled from the organization.

Since his expulsion, Williams has reapplied for CVMA membership multiple times and each time his application was denied. As a result of these declinations, between 2015 and 2022, Williams filed four lawsuits attempting to gain membership through litigation. Williams voluntarily dismissed one of these lawsuits, two went to trial with rulings in favor of CVMA, and one was dismissed by the court. Although Williams hired an attorney to appeal one of those outcomes, he has otherwise represented himself in each lawsuit.

The current matter is Williams' fifth attempt to regain membership in CVMA through litigation. And once again, he represented himself throughout the proceedings. On February 13, 2023, Williams filed a complaint alleging that CVMA violated its own bylaws and the Nebraska Nonprofit Corporation Act by denying his membership application. Although the record is not entirely clear, it appears that Williams had trouble serving CVMA with the complaint. Therefore, at some point, Williams filed motions requesting service by publication and "constructive service."

On April 10, 2023, CVMA sent a cease-and-desist letter to Williams outlining the prior lawsuits and requesting that he dismiss the action. In response, Williams filed a motion for default judgment despite never properly serving CVMA with the complaint. Thereafter, CVMA filed a motion for attorney fees and a motion to dismiss.

On July 27, 2023, a hearing was held on CVMA's motions. While the record is not clear, in Williams' brief, he explains that he thought this hearing was on his motion for service by publication and claimed that he never received notice that the hearing was on CVMA's motions.

At the hearing as described in the district court's order, Williams claimed that he did not receive copies of the motions and objected to continuing with the hearing. The court confirmed the mailing address CVMA used to send Williams' copies of the motions was the same address as Williams' certificate of service and overruled his objection. Williams then made an oral motion to continue the matter, which CVMA objected to as they had brought in a corporate representative from Massachusetts and corporate counsel from Kansas City. As a result, the court denied Williams' motion to continue. Williams then made an oral request to withdraw his pleadings, which the court took under advisement.

At the hearing, Williams offered direct testimony where he admitted that his claims were the same as his 2018 lawsuit that went to trial. The result of that trial was a ruling in favor of CVMA.

On August 3, 2023, the district court issued an order that found that Williams' lawsuit was attempting to relitigate the same issues as the prior proceeding, Williams knew or reasonably should have known that he was attempting to relitigate the same issues, that CVMA warned Williams of the applicable law and underlying facts prior to him filing his motion for default judgment, and that Williams' attempt to withdraw his pleadings "at the 11th hour" indicated that he reasonably should have known his suit was meritless. The court continued to find that Williams' motion for default judgment, standing alone, was frivolous, because he admitted that CVMA had not yet been served. It then stated that Williams' actions over the last 8 years and five lawsuits demonstrated bad faith. Therefore, the court granted CVMA's motion for attorney fees, in the

amount of $14,912.84, granted Williams' request to withdraw the action, and denied any other remaining motions.

Williams filed his notice of appeal on August 31, 2023. That same day, he filed his praecipe for bill of exceptions and indicated that a bill of exceptions was not necessary. Therefore, no bill of exceptions was ever produced.

## ASSIGNMENTS OF ERROR

Restated and reordered, Williams assigns the district court erred by (1) not granting his request to continue the hearing; (2) not granting his request to dismiss the action; (3) determining that he acted in bad faith; and (4) determining that he was given proper notice of CVMA's motions prior to the hearing.

## STANDARD OF REVIEW

In this appeal, no bill of exceptions was properly filed. The responsibility for filing a bill of exceptions for appellate review rests with the appellant. *William P. v. Jamie P.*, 313 Neb. 378, 984 N.W.2d 285 (2023). When there is no bill of exceptions, we examine and consider only the pleadings in conjunction with the judgment reviewed. *Id.* In the absence of a record of the evidence considered by the court, it is presumed on appeal that the evidence supports the trial court's orders and judgment. *Id.*

## ANALYSIS

We first note that Williams' appellate brief does not comply with the Nebraska Court Rules of Appellate Practice. Although Williams identified four assignments of error, his brief's argument section does not include sufficient, discernable arguments for any of his four assigned errors. Instead, his argument is broken into 15 short sections that have no conceivable organization or relevant legal authority.

Parties who wish to secure appellate review of their claims must abide by the rules of the Nebraska Supreme Court. *County of Lancaster v. County of Custer*, 313 Neb. 622, 985 N.W.2d 612 (2023). Neb. Ct. R. App. P. § 2-109(D)(1)(i) details the content rules for the argument section of an appellant's brief and provides:

> The argument shall present each question separately, and shall present each proposition of law as best sets forth the contentions of the party. Authorities relied upon shall be quoted or otherwise discussed. A party may make such further statements of fact or quotations from the record as deemed necessary to properly present the question, supporting such facts by appropriate references to the record.

The Supreme Court requires appellants to point out the factual and legal bases that support their assignments of error. *County of Lancaster v. County of Custer, supra.* Depending on the particulars of each case, failure to comply with the mandates of § 2-109(D) may result in an appellate court waiving the error, proceeding on a plain error review only, or declining to conduct any review at all. *County of Lancaster v. County of Custer, supra.* The decision to proceed on plain error is at the discretion of the appellate court. *Id.*

While we could elect to proceed with plain error review, we are still without a bill of exceptions. Accordingly, our review remains limited to examining and considering only the pleadings in conjunction with the judgment reviewed.

*Motion to Continue.*

Williams first assigns the district court erred in not granting his motion to continue the hearing. A motion for continuance is addressed to the discretion of the trial court. *Eddy v. Builders Supply Co.*, 304 Neb. 804, 937 N.W.2d 198 (2020).

The district court's order states that it denied Williams' motion to continue the hearing because it would cause undue hardship to CVMA. The order explains that CVMA had flown in a corporate representative from Massachusetts and corporate counsel from Kansas City had driven to the hearing. This obviously involved costs to CVMA. As such, based on our review of the pleadings and judgment, we conclude the district court did not abuse its discretion in denying Williams' same day oral motion to continue.

*Request to Voluntarily Dismiss Action.*

Williams next assigns the district court erred in not granting his request to voluntarily dismiss the action. Under Neb. Rev. Stat. §§ 25-601 (Reissue 2016) and 25-602 (Reissue 2016), a plaintiff has the right to dismiss an action without prejudice any time before final submission of the case, so long as no counterclaim or setoff has been filed by an opposing party. *Millard Gutter Co. v. American Family Ins. Co.*, 300 Neb. 466, 915 N.W.2d 58 (2018). The statutory right to voluntary dismissal under §§ 25-601 and 25-602 is not a matter of judicial grace or discretion, but neither is it absolute or without limitation. *Millard Gutter Co. v. American Family Ins. Co., supra.*

Under certain circumstances, a district court has the authority to deny a voluntary dismissal pursuant to §§ 25-601 and 25-602 and may attach conditions to the dismissal where justice and equitable principles so require. *Millard Gutter Co. v. American Family Ins. Co., supra.* And despite a plaintiff's statutory right to voluntary dismissal, trial courts have discretion to protect the "'rights which have accrued to [a] defendant' 'in the action' 'such as the preservation of a counterclaim, the restitution of property of which he has been deprived, the recovery of his costs, and the like.'" *Id.* at 474, 915 N.W.2d at 64-65.

We determine the pleadings and judgment support the district court's refusal to grant Williams' request for voluntary dismissal prior to its ruling on CVMA's motion for attorney fees. Williams orally requested the dismissal immediately prior to a hearing and only after it became apparent that he was unprepared. More so, the motion came after CVMA had already incurred significant expenses related to the litigation. We do not believe that justice and equitable principles favor a plaintiff dismissing an action only after it becomes apparent that the outcome will be unfavorable when the request is made immediately prior to a scheduled hearing, the defendant has already spent a significant sum in preparation, and the defendant has filed a motion for attorney fees to recoup those costs. Therefore, based on our review of the pleadings and judgment, we conclude that the district court did not err in denying Williams' request to voluntarily dismiss his action.

*Bad Faith.*

Williams next assigns the district court erred in determining that his action was brought in bad faith. As articulated by the district court in its order, this was Williams' fifth lawsuit against CVMA attempting to regain membership in the organization. Each prior attempt was unsuccessful despite two of the cases proceeding to trial. Further, prior to CVMA filing its motions in the present matter, it sent Williams a cease-and-desist letter that outlined the results of his prior lawsuits and possible consequences for continuing the current one. Despite this, Williams filed a motion for default judgment when he had yet to secure proper service of CVMA. More so, at the hearing, Williams admitted that the present lawsuit was relitigating the same issues when he testified that his request for relief was the same as the 2018 lawsuit where the court ruled against him. Therefore, based on our review of the pleadings and judgment, we conclude the district court did not err in determining that Williams filed his complaint and motion for default judgment in bad faith.

*Notice.*

Williams next assigns that the district court erred in determining that he was given proper notice of CVMA's motions prior to the hearing.

We determine the pleadings and judgment support the district court's order. At the hearing, the district court confirmed that the mailing address used by CVMA to serve the applicable motions on Williams was the same address used in Williams' certificate of service. With no bill of exceptions or applicable transcript filings, there is no evidence which counters this finding. Because we presume the evidence supports the district court's order and judgment in the absence of a record, we determine the district court did not err in finding that Williams received proper notice of CVMA's motions.

## CONCLUSION

We conclude that the district court's findings were supported by the pleadings and judgment.

AFFIRMED.